Rooney vs. Sammis et al.

---

L. ROONEY, plaintiff in error, vs. MARY SAMMIS et al., defendants in error.

BY TWO JUDGES.—Where a motion to dismiss a pending suit was made, on the ground that no affidavit was filed as required by the first section of the Act of October 13th, 1770, and the record showed that the note was payable to Richard Sammis, with no words of negotiability, and the suit was in the name of two females, administratrixes and sole heirs at law of Richard Sammis, and it was in proof that the plaintiffs were widows and sole heirs of Sammis, and the Court refused to dismiss the suit :

Held, That the proof that the plaintiffs were the owners of the note in their own right is not entirely satisfactory, yet, as the Court was satisfied with the proof, this Court will not disturb the judgment, leaving it to the parties more fully to test this question of the true, equitable ownership of the note before the jury on the trial. 5th March, 1872.

Tax. Relief Act of 1870. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

Mary Sammis and Phebe Alford sued Rooney upon his note made in 1863, payable to the order of Richard H. Sammis, averring that they were his executors and his sole heirs at law, and that said note was solely theirs. They filed no affidavit as to payment of taxes under the Act of 13th October, 1870. For want of such affidavit defendant's counsel moved to dismiss the cause. He admitted that plaintiffs were widows and sole heirs at law as they averred. And thereupon the Court refused to dismiss the cause. The defenses sought to reduce the recovery upon the ground that said note was a Confederate contract, etc. The jury found for plaintiffs. Defendant moved for a new trial, upon the grounds that the Court erred in not dismissing the cause, and because the verdict was too large. The refusal of a new trial is assigned as error.

M. H. BLANFORD, for plaintiff in error, relied on said Relief Act.

PEABODY & BRANNON, for defendants, said they were excepted therefrom : 42 Georgia Reports, 514.

McCAY, Judge.

. We think there was no error in the Court in refusing to dismiss this case. The proof is not entirely satisfactory that these widow ladies are the owners of this note in their own right, but there was sufficient to justify the Court in sustaining the suit. The whole matter was for the jury. There was at least a *prima facie* case, so that the Judge did rightly in refusing to dismiss it. If the jury are satisfied on the proof that may be made that the true owners of this note are these widows, the case is within the exceptions to the Act.

Judgment affirmed.